IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| CHRISTOPHER DEAN HUBBARD, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:11CV00085 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH, ET AL., ) | By: Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

Plaintiff Christopher Dean Hubbard, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 343. In his complaint, Hubbard asserts that his conviction for being a habitual offender should be vacated. Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice.

## Background

Hubbard is currently incarcerated at the Western Virginia Regional Jail in Salem, Virginia. His sparse submissions, supplemented by on-line court records, indicate that he was convicted in November 2009 in the Henry County Circuit Court on a charge of being a habitual offender, for which the Court sentenced him to one year imprisonment. He also received a one-year sentence in December 2009 for violating probation imposed for a prior conviction in Henry County and a two-year sentence in January 2010 for a probation violation on a prior conviction in the Franklin County Circuit Court.

As grounds for relief in his § 2254 petition, Hubbard alleges the following:

> The Court fail[ed] to give full defense. The Commonwealth I hold fault due to lack of processing case to the full matters at hand (my life on hold). The Commonwealth did not process the facts that were asked of him by me or my lawyer. The only thing the Commonwealth went with were the police officer. The police officer never took the stand. This case had already been discussed without my present [sic] within the courts nor were my lawyer. I ask of the court to take the Habitual Offender Act off of my record so I can get the job my life and history has to offer.

Hubbard states that during the Habitual Offender trial proceedings, his "rights were dis reg[arded]." He states that having such a conviction on his record limits job prospects.

## Discussion

To determine whether an action is properly considered a civil rights complaint under § 1983 or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the litigant's appropriate remedy is in habeas.

In this case, Hubbard is clearly contesting the fact of his current confinement in the Virginia prison system under the Habitual Offender conviction and seeks to have that conviction vacated because he believes his trial was unfair. Such claims are not cognizable under § 1983 and must be pursued in the habeas context.

A district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

Provided the newly construed § 2254 petition meets the threshold requirements for habeas actions under this section, the court could address its claims on the merits. Haines v. Kerner, 404 U.S. 519 (1972).

Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser, supra. The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition without prejudice to allow him to return to state court. Slayton v. Smith, 404 U.S. 53 (1971).

In this case, the petition offers no indication whatsoever that Hubbard has presented his current claims to the Supreme Court of Virginia. His failure to demonstrate that he has exhausted state court remedies mandates summary dismissal of his habeas claims without prejudice. Moreover, Hubbard's current submissions do not provide all the information required in a habeas proceeding, such as the date of the judgment he is challenging, the specific way(s) in which he believes that his rights were violated during trial proceedings, or the specific facts he would offer in support of his claims. If Hubbard believes that he has exhausted his state court remedies, he may refile his claims in a new § 2254 petition. The clerk's office can provide him with a form to use in preparing such a petition with all the necessary information.

For the stated reasons, the court concludes that this civil action is properly construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and dismissed without prejudice,[1] pursuant to Rule 4 of the Rules Governing § 2254 Cases,[2] because petitioner offers no indication that he has exhausted state court remedies. An appropriate order shall be entered this day.

ENTER: This 18th day of February, 2011.

Chief United States District Judge

---

[1] Dismissal without prejudice means that this order will not prevent petitioner from later pursuing his claims in another federal <u>habeas</u> petition if he is unsuccessful in obtaining relief from the Supreme Court of Virginia.

[2] Pursuant to Rule 4, the court can summarily dismiss a <u>habeas</u> action if it is clear from the face of the pleading that petitioner is not entitled to relief.

-4-